```
                    United States District Court
                      District of Massachusetts
_____
                               )
MICHAEL MCAFEE,                )
        Petitioner-Appellant,  )
                               )
             v.                )    Civil Action No.
                               )    09-10935-NMG
GARY RODEN, Superintendent,    )
        Respondent-Appellee.   )
_____)
```

## MEMORANDUM & ORDER

GORTON, J.

### I. Background

After a jury trial in the Suffolk County Superior Court, Michael McAfee ("McAfee") was convicted of first-degree murder on the theories of deliberate premeditation and extreme atrocity or cruelty, assault and a firearms charge. He was sentenced to life in prison for the first-degree murder conviction and concurrent terms of nine to ten years for the assault conviction and four to five years for the firearms conviction. On June 3, 2009, McAfee brought a pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 16, 2010, the Court accepted and adopted Magistrate Judge Leo T. Sorokin's Report and Recommendation to dismiss the petition.

McAfee filed a notice of appeal dated August 31, 2010 in which he stated that his certificate of appealability ("COA") would be filed within the next thirty days. The certificate was

never filed.  On October 18, 2010, the First Circuit Court of Appeals ordered this Court to issue or deny a COA within two weeks.

## III. Analysis

### A. Standard and Procedure for Issuance or Denial of a Certificate of Appealability

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (1996).  In order to make a "substantial showing", a petitioner seeking a COA must show that: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner or (3) the questions are "adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in §2253(c)(2) or the reasons for its denial of the motion.  First Cir. Loc. R. 22.1(a).

The "debatable among jurists of reason" inquiry has been interpreted as a very low barrier to the issuance of a COA.  The petitioner need not show that some jurists would grant his petition for habeas corpus. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).  In fact, a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail.  Id.  The petitioner must, however, prove "something

more than the absence of frivolity or the existence of mere good faith on his or her part." Id. (internal quotations omitted).

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11, 28 U.S.C.A. foll. § 2254 (2009). The Committee Notes on the 2009 Amendment to the Rules Governing § 2254 Proceedings explain that Rule 11(a) is intended to "ensure prompt decision making when the issues are fresh, rather than postponing consideration of the certificate until after a notice of appeal is filed." Id.

**B.   Application**

Although McAfee has not filed an application for a COA, a district court can issue or deny a COA sua sponte. See, e.g., Teti v. Bender, 507 F.3d 50, 56 (1st Cir. 2007); 16AA Fed. Practice & Procedure Jurisdiction § 3968.1 (4th ed. 2010). This Court now does so at the urging of the Circuit Court. In the process, it will refer to McAfee's memorandum in support of his petition and his response to the Magistrate Judge's Report and Recommendation. In his petition, McAfee presented nine grounds upon which he argued that his petition should be granted.

**1.   Manslaughter Instruction and**
**2.   Ineffective Assistance of Counsel**

McAfee challenged the trial court's jury instruction on manslaughter. McAfee's appeal in state court was denied as

untimely. That procedural default constituted an adequate and independent state ground barring federal habeas review. Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004). Because McAfee did not raise any reasons for his procedural default in state court, his claim is unexhausted. Thus, this Court denied McAfee's petition with respect to the manslaughter instruction claim.

McAfee argued that his counsel were ineffective because they failed to challenge the manslaughter instruction in a timely manner, resulting in a procedural bar to habeas review. A habeas court may consider a procedurally-barred claim if the petitioner establishes either "cause and prejudice" with respect to the procedural default or that a refusal to consider the merits of the constitutional claim will work a "fundamental miscarriage of justice". Burks v. DuBois, 55 F.3d 712, 716-17 (1st Cir. 1995). In order to show a miscarriage of justice, the petitioner must establish "actual innocence". Burks, 55 F.3d at 717.

The Magistrate Judge found and this Court agreed that there is no evidence in the record of prejudice caused by McAfee's counsel's failure to object to the manslaughter instruction nor of "actual innocence". As a result, this Court did not analyze the manslaughter instruction claim on the merits.

To determine the showing of cause, prejudice or actual innocence, a court must examine and analyze the trial record. In performing such an analysis, reasonable jurists could conceivably

disagree with this Court's ruling and it will, therefore, issue a COA for McAfee's claims protesting the manslaughter instruction and alleging ineffective assistance of counsel.  See Barefoot, 463 U.S. at 893 n.4.

     **3.    Severance and**
     **4.    Bruton**

McAfee argued that the trial court's refusal to sever his trial from that of his co-defendant, Elliot, violated his procedural due process rights because the two defendants' defenses were mutually antagonistic.  He also argued that the admission of an extrajudicial statement by Elliot, albeit with the inclusion of a limiting instruction, violated his rights under the Confrontation Clause.  This Court denied McAfee's petition on those grounds because McAfee did not show that the trial court's decisions were contrary to or an unreasonable application of federal law.

Petitioner's claims require a court to decide whether the defenses of Elliot and McAfee were mutually antagonistic and whether Elliot's statement was so "powerfully incriminating" of McAfee that it should have been excluded.  To make such determinations a court must, again, examine and analyze the trial record.  For that reason, reasonable jurists could disagree with this Court's ruling and the Court will issue a COA with respect to those claims.

### 5. Exclusion of Witness Pomales

McAfee argued that the trial court's decision to exclude the testimony of Alasandrea Pomales violated his Sixth and Fourteenth Amendment rights. The trial court found that her testimony was not admissible because it was not probative of either defendants' guilt. Because McAfee has not identified any United States Supreme Court case holding that such a state law evidentiary ruling amounts to the denial of due process, the Court will deny a COA for that claim.

McAfee also argued that the trial judge's treatment of Pomales in front of the jury amounted to an improper expression of opinion by the trial judge in violation of his due process right to a fair trial. The Massachusetts Supreme Judicial Court ("SJC") found that 1) there was no evidence that the jury heard the judge's remarks because they were made at side-bar and 2) the credibility of a witness who did not testify could not have affected the outcome of the case. This Court found that McAfee has not established, by clear and convincing evidence, that the SJC's conclusion was wrong. Because McAfee has presented no evidence to the contrary, reasonable jurists could not debate this Court's finding. See Barefoot, 463 U.S. at 893 n.4. Thus, the Court will deny a COA for that claim.

### 6. Sanders' Out-of-Court Identification

McAfee argued that the trial court's decision to admit an

out-of-court identification made by a witness named Sanders was prejudicial. Because such a determination compels a court to review the facts and exercise its reason and judgment, reasonable jurists could disagree. See id. Thus, the Court will issue a COA for that claim.

### 7. Motion for Required Finding of Not Guilty

McAfee contests the trial court's decision not to vacate the jury's verdict and enter a finding of not guilty. The applicable federal due process standard is

> [w]hether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 319 (1979). Such a determination depends on analysis of the trial record and could be debated by reasonable jurists. Thus, the Court will issue a COA for that claim.

### 8. Cumulative Error

Because the Court will issue COAs on six of McAfee's other claims, the Court will also issue a COA on McAfee's cumulative error claim.

### 9. Reduction of Verdict

McAfee challenged the SJC's state law decision not to reduce his verdict. Pursuant to Mass. Gen. Laws ch. 278, § 33E, the SJC reviews all first-degree murder appeals and may reduce the

verdict. Such a challenge is not cognizable in a federal habeas proceeding because it is not grounded in federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). That bar is a clear procedural bar to habeas review and there is no room for debate among reasonable jurists as to its validity. See id. Thus, the Court will deny a COA for that claim.

### ORDER

In accordance with the foregoing, a certificate of appealability is,

1) with respect to the Exclusion of Witness Pomales and Reduction of Verdict claims, **DENIED**; and

2) with respect to the Manslaughter Instruction, Ineffective Assistance of Counsel, Severance, Bruton, Sanders' Out-of-Court Identification, Motion for Required Finding of Not Guilty and Cumulative Error claims, **ISSUED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 1, 2010